MADDOX, Justice.
This case involves a suit for breach of ¿n insurance contract. The contract on which the suit is predicated was issued by National Security Fire and Casualty Company to Lawton Bell on April 16, 1978. Subsequent to the issuance of the policy, Bell transferred a portion of the insured property to Oliver and Kathleen Reeves. After the transfer, the property was destroyed by fire.
The basic question in this case is whether the Reeveses are afforded coverage for the fire loss under the policy originally issued to Bell. From a judgment on a jury verdict for the plaintiffs, the company appeals.
Lawton Bell applied for and obtained a policy of insurance from National Security to cover, among other things, a poultry house located on his property. National Security issued the policy on April 16, 1978, insuring a number of items, including a 32' X 320' frame building with a metal roof occupied as a poultry house, against loss by fire. Bell prepaid the full annual premium for this insurance policy.
On June 23, 1978, Bell conveyed the chicken house and equipment, which were later destroyed, to the Reeveses. In con *881 junction with the conveyance the Reeveses executed a mortgage to Central Bank and a prior mortgage from Lawton Bell to Central Bank was satisfied or released by the bank.
It appears from the evidence that Oliver Reeves discussed the possible transfer of the insurance with John Roper, the agent who had handled the issuance of the policy to Lawton Bell. Although the evidence is in dispute, there is evidence, which the jury could have believed, that Roper told Oliver Reeves that such a transfer would be “no problem.” Further, a deposition taken of Mr. Roper contains evidence that this type transfer was fairly commonplace, and that in the case of a prepaid premium the transferee would owe no payment until the annual premium was again due.
In any event, the chicken house and equipment were destroyed by fire on November 25,1978. Lawton Bell reported the loss to the Wilkens Insurance Agency (the successor to the Roper Insurance Agency) and signed the property loss notice. The claim was rejected.
On April 25, 1979, Oliver and Kathleen Reeves, Lawton Bell and Central Bank filed suit against National Security Fire and Casualty Company for breach of the contract of insurance. On June 7, 1979, Bell was dismissed because he had no insurable interest in the property. On August 22, 1980, the case was submitted to a jury, which returned a verdict in the amount of $22,100 in favor of Oliver and Kathleen Reeves. Central Bank was not included in the verdict.
The issues in this case actually turn on whether or not John Roper had authority, actual or apparent, upon which Oliver Reeves could rely, sufficient to bind the company on the alleged transfer. It is apparent that the jury determined that Reeves did rely upon Roper’s statement that he could effectuate the transfer. Therefore, we turn now to the issue of whether Roper had or appeared to have authority on which the Reeveses could reasonably rely.
This Court has recently had the opportunity to decide a similar case. In Protective Life Insurance Company v. Atkins, 389 So.2d 117 (Ala.1981), this Court held that there was a relationship between the agent and the insurance company such that the insurance company could be bound by the representations of the agent made within his apparent authority. In the present case, John Roper made representations within his apparent authority, upon which, the jury believed, Oliver Reeves relied. These representations led the Reeveses to believe that the contract of insurance originally issued to Lawton Bell was transferred to them subsequent to their purchase of the insured property.
The fact that more than one structure was listed on the schedule of property insured is not significant, under the circumstances of this case. When Reeves talked to Roper about the property transfer, the reference by Reeves to Roper of the property involved was sufficiently specific that the jury could have concluded that Roper, following his ordinary business practices in matters involving a transfer of insurance, could have and should have effected the transfer.
Based upon this Court’s decision in Protective Life v. Atkins, we are of the opinion that the judgment of the trial court in favor of the Reeveses is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.